IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WILLIE L. DAVIS,

       Plaintiff,

vs.                         No. 12-2282-STA-cgc

DAVID KUSTOFF,

       Defendant.

---

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On April 12, 2012, Plaintiff Willie L. Davis, Bureau of Prisons register number 21433-076, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed a pro se complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court issued an order on January 12, 2012, granting leave to proceed in forma pauperis and assessing the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 3.) The Clerk shall record the defendant as former United States Attorney David Kustoff.

This case arises out of United States v. Davis, No. 07-20042-STA (W.D. Tenn.), in which Davis pled guilty to two counts of obstructing interstate commerce by robbery, in violation of 18

U.S.C. § 1951; two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and one count of use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Davis is serving a sentence of two hundred sixteen (216) months imposed in that case.

Plaintiff's complaint alleges that, on February 1, 2007, Defendant created an invalid indictment against Plaintiff by signing an indictment that did not contain the signature of the foreperson of the grand jury. (ECF No. 1 at 2.) Plaintiff claims that this act amounted to treason and a violation of Defendant's oath of office. (Id.) As a result of this unconstitutional action, Plaintiff has been in custody since February 23, 2007. (Id. at 3.)

Plaintiff seeks an order directing that he be released. (Id. at 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)  is frivolous, malicious, or fails to state a
claim upon which relief may be granted; or

    (2)  seeks monetary relief from a defendant who is
immune from such relief.

28 U.S.C. § 1915A(b).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010).

2

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim,

where a judge must accept all factual allegations as
true, <u>Iqbal</u>, 129 S. Ct. at 1949-50, a judge does not have
to accept "fantastic or delusional" factual allegations
as true in prisoner complaints that are reviewed for
frivolousness. <u>Neitzke</u>, 490 U.S. at 327-28, 109 S. Ct.
1827.

<u>Id.</u> at 471.

"<u>Pro</u> <u>se</u> complaints are to be held 'to less stringent
standards than formal pleadings drafted by lawyers,' and should
therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383
(quoting <u>Martin v. Overton</u>, 391 F.3d 710, 712 (6th Cir. 2004)). <u>Pro</u>
<u>se</u> litigants and prisoners are not exempt from the requirements of
the Federal Rules of Civil Procedure. As the Sixth Circuit has
explained:

> Before the recent onslaught of <u>pro</u> <u>se</u> prisoner
> suits, the Supreme Court suggested that <u>pro</u> <u>se</u> complaints
> are to be held to a less stringent standard than formal
> pleadings drafted by lawyers. <u>See</u> <u>Haines v. Kerner</u>, 404
> U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per
> curiam). Neither that Court nor other courts, however,
> have been willing to abrogate basic pleading essentials
> in <u>pro</u> <u>se</u> suits. <u>See, e.g.</u>, <u>id.</u> at 521, 92 S. Ct. at 596
> (holding petitioner to standards of <u>Conley v. Gibson</u>);
> <u>Merritt v. Faulkner</u>, 697 F.2d 761 (7th Cir.) (duty to be
> less stringent with <u>pro</u> <u>se</u> complaint does not require
> court to conjure up unplead allegations), <u>cert. denied</u>,
> 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983);
> <u>McDonald v. Hall</u>, 610 F.2d 16 (1st Cir.1979) (same);
> <u>Jarrell v. Tisch</u>, 656 F. Supp. 237 (D.D.C. 1987) (<u>pro</u> <u>se</u>
> plaintiffs should plead with requisite specificity so as
> to give defendants notice); <u>Holsey v. Collins</u>, 90 F.R.D.
> 122 (D. Md. 1981) (even <u>pro</u> <u>se</u> litigants must meet some
> minimum standards).

<u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); <u>see also</u> <u>Brown</u>
<u>v. Matauszak</u>, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming
dismissal of <u>pro</u> <u>se</u> complaint for failure to comply with "unique
pleading requirements" and stating "a court cannot 'create a claim

4

which [a plaintiff] has not spelled out in his pleading'") (quoting
Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th
Cir. 1975)) (alteration in original); Payne v. Secretary of Treas.,
73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte
dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and
stating, "[n]either this court nor the district court is required
to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S.
225, 231 (2004) ("District judges have no obligation to act as
counsel or paralegal to pro se litigants."); Young Bok Song v.
Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to
affirmatively require courts to ferret out the strongest cause of
action on behalf of pro se litigants. Not only would that duty be
overly burdensome, it would transform the courts from neutral
arbiters of disputes into advocates for a particular party. While
courts are properly charged with protecting the rights of all who
come before it, that responsibility does not encompass advising
litigants as to what legal theories they should pursue."), cert.
denied, ___ U.S. ___, 132 S. Ct. 461 (2011).

When a prisoner seeks to challenge the validity or
duration of his confinement, his sole remedy is a petition for a
writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973);
see also Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges
to the validity of any confinement or to particulars affecting its
duration are the province of habeas corpus."). Davis cannot
challenge the validity of his conviction under Bivens, and this
Court cannot order his release even if his claim were meritorious.

Even if that were not the case, the copy of the indictment on the criminal case docket was signed by the foreperson of the grand jury. (Indictment at 8, <u>United States v. Davis</u>, No. 07-20042-STA (W.D. Tenn.), ECF No. 1.)

Therefore, the Court DISMISSES the Complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Judgment shall be entered for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed <u>in forma pauperis</u>, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to

dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $455 appellate filing fee. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal in this district of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of this Court's decision on appeal, whichever is later.

IT IS SO ORDERED this 1st day of June, 2012.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE


7